[No. 12356.   Department Two. — November 20, 1889.]

## GEORGE W. TYLER, APPELLANT, *v.* H. S. STONE AND J. W. SMITH, RESPONDENTS.

CONTRACT — CONSTRUCTION — REPAYMENT OF LOAN. — Under a contract by the terms of which a sum of money is advanced by a person to certain stockholders in a mining corporation, in consideration of which he is to become owner of part of the stock which is to be pooled and sold for the mutual benefit of all parties, the pool to continue sixty days and the money advanced to be drawn out of the pool when that amount should be received, and paid to the party advancing the money on account of his interest in the pool, he to be repaid the money advanced in any event, he may, at the expiration of sixty days, recover all the money advanced, whether the pooling arrangement should prove successful or not.

PAROL EVIDENCE — WRITTEN CONTRACT. — Inadmissible parol evidence tending to contradict the terms of a written contract should not, when received by the court in opposition to oral testimony corresponding with the unambiguous language of the contract, be allowed to render nugatory the words of the written instrument.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*W. B. Tyler,* for Appellant.

*Craig & Meredith,* for Respondents.

FOOTE, C.—This action was brought to recover the sum of twelve hundred dollars, which Tyler claimed Smith and Stone had borrowed from and promised to repay him in sixty days from the date of the loan. Judgment passed for the defendants, from which and an order denying a new trial the plaintiff appeals.

The written contract, which is made an exhibit to the complaint, and offered in evidence, under the terms of which Tyler makes his claim, is:—

"Messrs. Stone and Smith are the owners of one hundred thousand shares of the Curtis Consolidated Mining Company's stock at Virginia.

"George W. Tyler advances twelve hundred dollars to Messrs. Stone and Smith, in consideration of which he is to have ten thousand shares of said stock, or its proceeds; seventy thousand of said stock to be locked up absolutely and not used; thirty thousand shares to be put in a box and to be drawn out by Stone, and sold for the mutual benefit of the three. When drawn out, fifty cents per share is to be placed in the box. When the box contains twelve hundred dollars, same to be drawn by Tyler and charged to him as part of the money to be paid him, he to be paid the twelve hundred dollars in any event. The pool to continue sixty days. Each of the three to receive one third of the money for which the thirty thousand shares are sold. At the end of sixty days Stone and Smith to receive the seventy thousand shares, and each to receive one third of the

thirty thousand shares not sold.   Settlement to be made on each Saturday afternoon, at two o'clock.

"Witness our hands and seals this thirtieth day of April, 1881.          "J. W. SMITH.          [Seal]
                                   "H. S. STONE.          [Seal]
                                   "GEO. W. TYLER."     [Seal]

According to its terms, it is plain that Tyler was, at the end of sixty days, to be repaid the twelve hundred dollars he had loaned, *in any event*, whether the pooling arrangement was successful or not.

The evidence of Tyler and Smith, one of the defendants, corroborated the unambiguous language of the contract.   Stone's testimony was contradictory to that evidence in some respects, although it did not attempt to deny the acknowledgment of indebtedness and promise on his part to repay the twelve hundred dollars.

There is no reason made apparent why the written contract should not be controlling in the matter.   It is not susceptible of any other construction than that which the plaintiff puts upon it.   It explains itself fully and clearly, and by it Tyler is entitled to recover all of the twelve hundred dollars which was to be repaid him *in any event*, except what he may have already received.

The inadmissible oral testimony tending to contradict the contract, and which is opposed to the evidence of Tyler and Smith, himself a defendant, should not be allowed to render nugatory the words of the written instrument.

We therefore advise that the judgment and order be reversed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed.

THORNTON, J., concurring. — I concur in reversing the judgment and order herein, on the ground that the

decision of the court below is not justified by the evidence. Conceding that the evidence would have been excluded on objection that it was incompetent, for the reason that it tended to change the terms of a written agreement, yet, as it went in without objection, the court below was bound to consider it and give it its due weight. I know of no rule of law which justifies any court in disregarding evidence of the character introduced in this case, because if objected to it would have been ruled out. It was before the court on the trial of this case, and demanded consideration as much as the written agreement or any other matter testified to on the trial.

Further, I am of the opinion that plaintiff was entitled to recover the twelve hundred dollars at the end of the sixty days. The twelve hundred dollars to be paid Tyler under the express terms of the contract, " in any event," referred to the twelve hundred dollars mentioned *first* in the contract, which sum was advanced by plaintiff, and was to be paid him "in any event"; that is to say, whether or not the thirty thousand shares were sold within the sixty days, and whether the fifty cents per share got into the box or not within the aforesaid period. If there was no sale, and no money got into the box, Tyler was still to have back the sum advanced when the sixty days had passed. This we think the fair and just construction of the contract, deducible from the words employed by the parties to express their meaning, and patent on the face of the contract.

For the foregoing reasons given, I am of opinion that the judgment and order should be reversed and the cause remanded for a new trial.